# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7063 | **DATE** | 2/22/2011 |
| **CASE TITLE** | Tratar, et al. vs. BAC Home Loans | | |

**DOCKET ENTRY TEXT**

Plaintiffs motion for appointment of counsel [30] is denied without prejudice. The motion for leave to proceed in forma pauperis [29] is moot.

■[ For further details see text below.]      Notices mailed by chambers staff.

## STATEMENT

Indigent parties in civil actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1). But they "have no constitutional or statutory right to be represented by a lawyer." *Merritt* v. *Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *accord Zarnes* v. *Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the court. *Jackson* v. *County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford* v. *Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992) (citing *Merritt* v. *Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

Plaintiff Tratar's financial affidavit discloses low income from employment, and she represents that her husband is disabled, receiving income only in Social Security benefits. They have $7,000 in cash, two homes (one in foreclosure), a luxury car, and jewelry, but they appear to be in debt beyond the value of their assets. As such, they would qualify for appointment of counsel on the basis of inability to pay an attorney to conduct this litigation. Plaintiff Olson, however, has not submitted an affidavit of indigency. The motion cannot be allowed without demonstration that neither plaintiff can afford counsel.

Before plaintiffs proceed further down this path, however, they are reminded that the court has dismissed the complaint. Although the dismissal was without prejudice to refiling, it is doubtful that a viable complaint can be filed. The court concluded that plaintiffs' TILA damages and RESPA claims were time-barred but gave plaintiffs the opportunity to file an amended complaint demonstrating that they are entitled to equitable tolling of the respective statutes of limitations. Equitable tolling is used sparingly. *Bensman* v. *U.S. Forest*

**STATEMENT**

*Serv.*, 408 F.3d 945, 964 (7th Cir. 2005). It applies only where plaintiffs show that they pursued their rights diligently and that extraordinary circumstances prevented their timely filing. *Pace* v. *DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Lewis* v. *City of Chicago*, 528 F.3d 488, 493 (7th Cir. 2008). Plaintiffs received the TILA and RESPA statements on September 7, 2007 and could have examined them to determine if there were any TILA or RESPA violations at that time. It is unlikely that they can allege circumstances that would entitle them to proceed on the merits of their federal claims. Even if this court's jurisdiction could be pleaded in diversity, 28 U.S.C. § 1332, plaintiffs' state law claims appear to have little substance, as explained in this court's order dismissing the complaint.

Appointed counsel must devote their time to a case without compensation. The court is not inclined to draft such an attorney into service where the potential merit of the case is as weak as this case. Despite their shortage of funds, plaintiffs would be well-advised to pay a knowledgeable real estate attorney or bankruptcy attorney for practical advice as to how best to proceed in light of their circumstances rather than to pursue litigation so unlikely to be successful. In any event, the motion is denied.

The court has considered the financial affidavit submitted in support of the motion. The filing fee has been paid, so there is no present need for *in forma pauperis* status; thus, the "application for leave" to proceed *in forma pauperis* is moot.